RAMON LE COMPTE, PLAINTIFF-APPELLANT, v. STATE OF NEW JERSEY; RICHARD J. SULLIVAN, COMMISSIONER OF THE DEPARTMENT OF ENVIRONMENTAL PROTECTION; AND THE NATURAL RESOURCE COUNCIL OF THE DIVISION OF MARINE SERVICES OF THE DEPARTMENT OF ENVIRONMENTAL PROTECTION, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 16, 1973—Decided October 29, 1973.

Before Judges HALPERN, MATTHEWS and BISCHOFF.

*Mr. Richard O. Venino* argued the cause for appellant.

*Mr. William C. Rindone, Jr.,* Deputy Attorney General, argued the cause for respondent (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel).

PER CURIAM. Plaintiff in this action seeks a judgment declaring an assessment levied by defendant National Resource

Council for use and occupancy of lands owned by the State illegal and without statutory authority.

Plaintiff, a developer, starting in the year 1966, built homes along the Jersey shore which encroached upon tidelands belonging to the State. He mistakenly thought he had obtained appropriate grants from the State. Upon learning that he had not, he made application to the State and received a grant for the consideration of $50 a front foot. In addition, the Natural Resource Council also levied a $50 a front foot use and occupancy assessment for trespass and purpresture. Plaintiff does not question the authority of the Council to charge $50 a front foot for the grant, but disputes the authority of defendant to levy a use and occupancy assessment.

A complaint for declaratory judgment was filed in the Chancery Division. Defendant filed a counterclaim seeking (1) damages for trespass to lands of the State, and (2) an order compelling the restoration of the lands to the condition existing prior to the alleged trespass of plaintiff.

The trial judge was of the opinion that the assessment for use and occupancy by the Natural Resource Council constituted a final decision or action of a state administrative agency or officer which vested original jurisdiction in the Appellate Division. *R.* 2:2–3(a)(2). The trial judge thereupon transferred the complaint to this court, retaining jurisdiction of the counterclaim. We express no opinion on this procedure but pass to a consideration of the legal issue raised.

■ Defendant contends that, pursuant to *N. J. S. A.* 12: 3–7 and 12:3–10, it has the complete discretion and power to decide whether or not a grant shall be made and, if so, the consideration to be charged, citing *Bailey v. Driscoll,* 34 *N. J. Super.* 228, 253 (App. Div. 1955), rev'd 19 *N. J.* 363 (1955); *Taylor v. Sullivan,* 119 *N. J. Super.* 426, 430–431 (App. Div. 1972), certif. den., 62 *N. J.* 70 (1972).

The State further contends that implicit in this statutory grant of authority is the power to admeasure and assess damages for trespass and purpresture.

We find no basis for such implied authority in the statute. The statutory authority given to the Natural Resource Council is limited, by its terms, to determination of whether or not a grant, conveyance or license shall be given and, if so, the consideration to be paid for it. *N. J. S. A.* 12.3–7, 10.

The intent of the Legislature concerning the manner in which trespass to lands of the State is to be dealt with is clearly expressed by *N. J. S. A.* 12:3–8, wherein defendant is given the right to institute a civil action in the name of the State of New Jersey to recover damages for trespass to or for occupancy of lands belonging to the State of New Jersey. Defendant has proceeded pursuant to the terms of the statute by filing a counterclaim in the Chancery Division.

We hold that defendant is without authority to make a use and occupancy assessment for trespass and purpresture, and accordingly hold that the assessment so levied in this case is null and void.

The matter is remanded to the Chancery Division for further proceedings consistent with this opinion.